LAW OFFICES OF
### FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI⁺
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*⁺
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
BARBARA G. CARNEVALE*
DOLORES N. O'LEARY*
MANUEL A. MOLINA
LAWRENCE J. KAHN*
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*⁰
DANIEL J. FITZGERALD*⁺△
JILL A. TAFT
MICHAEL C. ELLIOTT*

* ALSO ADMITTED IN NEW JERSEY
⁺ ALSO ADMITTED IN CONNECTICUT
△ALSO ADMITTED IN WASHINGTON, D.C.
⁰ ALSO ADMITTED IN LOUISIANA

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, N.J. 07306
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

# MEMO ENDORSED

June 1, 2007

OUR REF: 593-06/GMV/PLS

**BY HAND**
The Honorable Richard M. Berman
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 650
New York, New York 10007

> Re:  Pigasos Navigation Co. Ltd. v. Far East International Petroleum
>      Company LLC a/k/a FEIPCO – 07 CV 197 (RMB)

Dear Judge Berman:

  We represent Plaintiff in this matter and write to request this case be placed on the suspense calendar.  This is our first request for such relief.

  This matter involves a claim by Plaintiff for breach of a maritime contract of charter party which is subject to London arbitration or litigation before the English Courts.  Since the merits will be decided in England, there will be no discovery or other substantive actions in these proceedings.  This action was commenced for purposes of obtaining security pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.

  We served the Process of Maritime Attachment and Garnishment on a daily basis, but have not hit any funds belonging to the defendant.  Since Rule B specifically provides for an attachment as *ex parte* relief, and Local Admiralty Rule B.2 requires notice of these proceedings after property has been actually restrained, we have not notified the defendant of the attachment. We thought that perhaps the defendant was out of business, but our clients learned last week that the defendant has resumed operations.  We do not have any information as to the extent of the resumption of operations, but are optimistic that funds may be attached in the near future.

NYDOCS1/281827.1



RECEIVED
JUN 04 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/07

June 1, 2007
Page 2

Accordingly, because the dispute will be resolved in England and assets of the defendant have not yet been restrained triggering the notice provision of Rule B, we ask that this matter be placed on the suspense calendar. Should the order of attachment capture any assets and defendant makes an appearance in the New York action, and/or should Plaintiff prevail in England and seek to enforce an arbitration award or judgment here against any restrained funds, we will so advise the Court so the matter can then be placed on the active docket.

We thank the Court for its consideration for this request.

Respectfully submitted,
FREEHILL HOGAN & MAHAR LLP

Gina M. Venezia
Pamela L. Schultz

The case was (already)
placed on suspense
calendar on 2/9/07

SO ORDERED:
Date: 6/4/07    Richard M. Berman
Richard M. Berman, U.S.D